The opinion of the Court, was delivered by
Hoknblowee, C. J.
We must presume, that when the Common Pleas appointed Surveyors, in the term of January, 1839, they required legal and satisfactory proof, that the applicants for the road were freeholders and residents in the county, and that advertisements had been signed and set up, according to law. If there was any irregularity in the application, or any deficiency in the proof of the signing and putting up the advertisements, that was the time when objections ought to have been made. But it does not appear, that any opposition was then made to the appointment of Surveyors.
It will not do for the opponents of a road to lie by and permit Surveyors to be appointed, and after the applicants have incurred all the trouble and expense of convening the Surveyors, and having the road laid out and returned, to interpose objections to the preliminary proceedings; which, if they had been made at the proper time, and were of any force, might then have been obviated.
By the seventh section of the act, Elm. Dig. 474, the court of Common Pleas, are expressly prohibited from setting aside the return of Surveyors for “ illegality or irregularity.” This prohibition is not contained in the ninth section, which relates to the duties of the Supreme Court in regard to roads running on *293 county lines, or partly in one county, and partly in another. Whether the omission of that clause in the latter section was intended to leave in the Supreme Court, the power of sotting aside returns, upon motion, for “illegality or irregularity,” is a question about which there may be some doubt. But in both those sections, the Courts are directed at the instance of the caveator, to appoint freeholders to review the road, and it is expressly provided, in both the seventh and ninth sections, that if no caveat shall be entered, or the person entering the same, shall not proceed in the manner prescribed therein, (that is, shall not apply, in writing, to have freeholders appointed,) the proceedings of the surveyors, shall be deemed valid and effectual, and the Clerk, by order of the Court, shall record the return.
These provisions, I think, clearly manifest the intention of the legislature, that the return of surveyors shall not be set aside on the ground of any illegality or irregularity in the preliminary proceedings. If illegality lias intervened, in the appointment of surveyors, or in any of the proceedings in the court of Common Pleas, it can only be corrected by an appeal to this Court, on Certiorari.
By (he express words of the statute, the judgment of the court of Common Pleas, on the sufficiency of the proof, that advertisements have been set up, according to law, is final and conclusive ; and we cannot, even upon Certiorari, review their decision on that point. Elm. Dig. 473; The State v. Schanck, 4 Halst. R. 107; The State v. Shreeve, 3 Green’s R. 57. When these Surveyors were appointed in January term, 1839, the Common Pleas, adjudged the proof of this matter to be sufficient; and they could not, at a subsequent term, and after the Surveyors had made their return, review their former decision on this point, and set aside the return.
In my opinion therefore, the Mandamus ought to issue as prayed for.
All the other Justices concurred.

Mandamus ordered.

Cited in Hoagland v. Culvert, Spencer 388.